In the Matter of the Claim of MAUDE M. SMITH, Respondent. MICHAEL J. MURPHY, as Acting Industrial Commissioner of the State of New York, Appellant.

Third Department, March 8, 1944.

*Nathaniel L. Goldstein, Attorney-General,* for appellant.

No appearance for respondent.

Bliss, J.  Claimant resides about thirteen miles from the city of Gloversville.  She is fifty-two years of age, and the mother of five children, the youngest of whom is seven years of age.  For some thirty-five years prior to May, 1942, she performed industrial home work in the glove industry which is centered in Gloversville.  Her husband works in Gloversville and claimant is unable to leave her home during the day time and consequently unable to work in industry except at home work.  She is ready to accept any home work offered her but opportunities to obtain the same in lines other than the glove industry are limited.  Since May, 1942, the Industrial Commissioner has refused claimant a home worker's certificate under subdivision 5 of section 354 of the Labor Law.  She filed application for employment and unemployment insurance benefits on August 19, 1942, and received such benefits to December 6, 1942.  On December 9, 1942, she declined work in a factory at Gloversville because she had no transportation and was unable to leave her home on account of her family.  Shortly thereafter the Industrial Commissioner determined that she was unavailable for employment under the Unemployment Insurance Law (Labor Law, art. 18) because she did not possess a homeworkers' certificate and was unable to accept any employment outside of her home.  The referee reversed this initial determination and held that she was available for

employment, and was entitled to the benefits of the statute. This determination was affirmed by the Appeal Board and the Acting Industrial Commissioner now appeals.

Claimant became unemployed through no fault of her own. Now the State through the Industrial Commissioner with the one hand deprives her of the right to augment the family income through work which she can perform and compels her to be and remain unemployed and with the other hand would deprive her of the statutory benefits of being so unemployed. Claimant herself is able, ready and willing to accept employment at work which she has performed for some thirty-five years or at similar work. She is thus available for employment. Due to the State's refusal to permit industry to deliver work to her and to permit her to receive such work, and the lack of nonindustrial home work, she remains unemployed.

The decision should be affirmed, with costs.

HILL, P. J., HEFFERNAN and SCHENCK, JJ., concur.

Decision affirmed, with costs.